UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAHMOOD YOONESSI,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LETITIA JAMES, et al.,<br><br>　　　　　Defendants. | No.  2:23-cv-0023 TLN DB PS<br><br><br>ORDER |

　　　　Plaintiff Mahmood Yoonessi is proceeding in this action pro se.  This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  Pending before the undersigned are defendants' motions to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, plaintiff's motion for summary judgment, and defendant Kyle Wilcox's motion for an extension of time to respond to plaintiff's motion for summary judgment.  (ECF Nos. 16, 18, 23, 25.)  For the reasons stated below, defendants' motions to dismiss will be granted, plaintiff will be granted leave to file an amended complaint, and plaintiff's motion for summary judgment and defendant's motion for an extension of time will be denied.

**BACKGROUND**

　　　　Plaintiff, proceeding pro se, commenced this action on January 6, 2023, by filing a complaint and paying the applicable filing fee.  (ECF No. 1.)  Named as defendants in the

1  complaint are Letitia James who is the Attorney General of the State of New York, the State
2  University of New York and Buffalo, and Merryll Tisch who is the Chair of the Board of Trustees
3  of the State University of New York System ("New York State defendants"), as well as defendant
4  Kyle Wilcox who is Assistant Attorney General of Ohio.

5  According to the complaint the defendants "have produced manufactured evidence,
6  altered, mutilated evidence to courts," in actions concerning the revocation of plaintiff's license to
7  practice medicine.  (Compl. (ECF No. 1) at 5.[1])  The complaint also asserts that it is a "Notice of
8  Removal" of a writ of Mandamus filed in the Sacramento County Superior Court, No. 34-22-
9  80003677.  (Id. at 7.)  The complaint asks that this court "command/order vacating/reversing the
10 March 2022 decision and order of ALJ Cox . . . which denied reinstatement of the revoked Ca
11 Medical License" and reinstate plaintiff's medical licenses in New York, Ohio, and California.
12 (Id. at 6, 8.)

13 On May 19, 2023, New York State defendants filed a motion to dismiss.  (ECF No. 16.)
14 On June 7, 2023, defendant Kyle Wilcox filed a motion to dismiss.  (ECF No. 18.)  On August
15 10, 2023, plaintiff filed an opposition.  (ECF No. 22.)  That same day plaintiff filed a motion for
16 summary judgment.  (ECF No. 23.)  On September 1, 2023, defendant Wilcox filed a reply.
17 (ECF No. 24.)  On September 21, 2023, defendant Wilcox filed a motion for an extension of time
18 to respond to plaintiff's motion for summary judgment.  (ECF No. 25.)

19 On October 4, 2023, the New York State defendants filed a reply.  (ECF No. 26.)  On
20 October 26, 2023, plaintiff filed "opposition, sur reply" to the New York State defendants' reply.
21 (ECF No. 27.)  On October 16, 2023, plaintiff filed another sur-reply.[2]  (ECF No. 29.)  On
22 October 24, 2023, the parties' motions were taken under submission.
23 ////
24 ////

---

[1] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

[2] The filing of a sur-reply is not authorized by the Federal Rules of Civil Procedure or the Local Rules.  See Fed. R. Civ. P. 12; Local Rule 230.  Nonetheless, in light of plaintiff's pro se status, the undersigned has considered the sur-replies in evaluating defendants' motions to dismiss.

**STANDARDS**

**I.     Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(1)**

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to raise the defense, by motion, that the court lacks jurisdiction over the subject matter of an entire action or of specific claims alleged in the action. "A motion to dismiss for lack of subject matter jurisdiction may either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the existence of subject matter jurisdiction in fact." Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979).

When a party brings a facial attack to subject matter jurisdiction, that party contends that the allegations of jurisdiction contained in the complaint are insufficient on their face to demonstrate the existence of jurisdiction. Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). In a Rule 12(b)(1) motion of this type, the plaintiff is entitled to safeguards similar to those applicable when a Rule 12(b)(6) motion is made. See Sea Vessel Inc. v. Reyes, 23 F.3d 345, 347 (11th Cir. 1994); Osborn v. United States, 918 F.2d 724, 729 n. 6 (8th Cir. 1990). The factual allegations of the complaint are presumed to be true, and the motion is granted only if the plaintiff fails to allege an element necessary for subject matter jurisdiction. Savage v. Glendale Union High Sch. Dist. No. 205, 343 F.3d 1036, 1039 n. 1 (9th Cir. 2003); Miranda v. Reno, 238 F.3d 1156, 1157 n. 1 (9th Cir. 2001). Nonetheless, district courts "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment" when resolving a facial attack. Safe Air for Everyone, 373 F.3d at 1039.

When a Rule 12(b)(1) motion attacks the existence of subject matter jurisdiction, no presumption of truthfulness attaches to the plaintiff's allegations. Thornhill Publ'g Co., 594 F.2d at 733. "[T]he district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988). When a Rule 12(b)(1) motion attacks the existence of subject matter jurisdiction in fact, plaintiff has the burden of establishing that such jurisdiction does in fact exist. Thornhill Publ'g Co., 594 F.2d at 733.

////

**II.     Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(6)**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). In general, pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555; see also Iqbal, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

////

////

**ANALYSIS**

**I.     Defendants' Motions to Dismiss**

Review of defendant's motion to dismiss finds that they should be granted. In this regard, the complaint is largely indecipherable. It is clear that plaintiff seeks, in part, reinstatement of plaintiff's licenses to practice medicine. (Compl. (ECF No. 1) at 6.) What is unclear, however, is what claim or claims plaintiff is attempting to assert against which defendant or defendants. Nor is it clear what factual allegations establish the wrongful conduct of a defendant. It is not even clear if plaintiff is attempting to proceed on a complaint against a defendant or remove an action from state court. (Id. at 1, 7.) Instead, the complaint consists of vague, conclusory, and disjointed allegations.

For example, the complaint states that "[i]t was claimed that SUNAY does not have minimum contact with California Forum affirming petitioner(s), claims, denying California's contention that all statements . . . made by Peter Van Buren in 2001-2002 . . . were Fabricated[.]" (Id. at 9.) That "Attorney James's General Demurrer invokes Eleventh Amendment Immunity, did not deny SUNYAB Agents . . . murder of Patients A,C,E,G, No1,M.R., by their team." (Id. at 10.) That plaintiff "suffered damages related to cancellation of his Medicaid number by Respondents/their agents in contempt of superior court judge's order." (Id. at 11.)

Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that state the elements of each claim plainly and succinctly. Fed. R. Civ. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'" Ashcroft v. Iqbal, 556 U.S.662, 678 (2009) (quoting Twombly, 550 U.S. at 555, 557). A plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support the plaintiff's claims. Jones, 733 F.2d at 649.

////

Moreover, although it is not clear due to the vague and conclusory nature of the complaint, plaintiff's complaint appears to raise several concerns in addition to the failure to state a claim. In this regard, plaintiff bears the burden of establishing that jurisdiction is proper, although he need only make a prima facie showing of jurisdictional facts to withstand a motion to dismiss. Brayton Purcell LLP v. Recordon & Recordon, 606 F.3d 1124, 1127 (9th Cir. 2010); see also Chirag v. MT Marida Marguerite Schiffahrts, 604 Fed. Appx. 16, 19 (2d Cir. 2015) ("A prima facie case [of personal jurisdiction] requires non-conclusory fact-specific allegations or evidence showing that activity that constitutes the basis of jurisdiction has taken place.").

"Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons." Daimler AG v. Bauman, 571 U.S. 117, 125 (2014). "Because California's long-arm jurisdictional statute is coextensive with federal due process requirements, the jurisdictional analyses under state law and federal due process are the same." Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800-01 (9th Cir. 2004). "For a court to exercise personal jurisdiction over a nonresident defendant consistent with due process, that defendant must have 'certain minimum contacts' with the relevant forum 'such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Mavrix Photo, Inc. v. Brand Technologies, Inc., 647 F.3d 1218, 1223 (9th Cir. 2011) (quoting International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).

Federal courts may exercise either general or specific personal jurisdiction. General personal jurisdiction is found where the nonresident defendant's "affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011). "To determine whether a nonresident defendant's contacts are sufficiently substantial, continuous, and systematic, we consider their 'longevity, continuity, volume, economic impact, physical presence, and integration into the state's regulatory or economic markets.'" Mavrix Photo, Inc., 647 F.3d at 1224 (quoiting Tuazon v. R.J. Reynolds Tobacco Co., 433 F.3d 1163, 1172 (9th Cir. 2006)).

Specific personal jurisdiction is found where "[a] nonresident defendant's discrete, isolated contacts with the forum support jurisdiction on a cause of action arising directly out of its

forum contacts[.]" CollegeSource, Inc. v. AcademyOne, Inc., 653 F.3d 1066, 1075 (9th Cir. 2011). "[T]hat is, jurisdiction [is] based on the relationship between the defendant's forum contacts and plaintiff's claims." Menken v. Emm, 503 F.3d 1050, 1057 (9th Cir. 2007).

"The inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant 'focuses on the relationship among the defendant, the forum, and the litigation.'" Walden v. Fiore, 134 S. Ct. 1115, 1121 (2014) (quoting Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 775 (1984)) (internal quotation marks omitted). However, "the 'primary concern' is 'the burden on the defendant.'" Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County, 137 S. Ct. 1773, 1780 (2017) (quoting World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 292 (1980)).

A three-part test has been developed by the Ninth Circuit to analyze an assertion of specific personal jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

Schwarzenegger, 374 F.3d at 802 (quoting Lake v. Lake, 817 F.2d 1416, 1421 (9th Cir. 1987)).

As noted by defendants' motions to dismiss, it is entirely unclear how this court has personal jurisdiction over defendants from New York and Ohio. (Defs.' MTD (ECF No. 16) at 10-13; Def.'s MTD (ECF No. 18) at 7-11.) Additionally, the Eleventh Amendment bars suits against a state, absent the state's affirmative waiver of its immunity or congressional abrogation of that immunity. Pennhurst v. Halderman, 465 U.S. 89, 98-99 (1984); Simmons v. Sacramento County Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003); Yakama Indian Nation v. State of Wash. Dep't of Revenue, 176 F.3d 1241, 1245 (9th Cir. 1999); see also Krainski v. Nev. ex rel. Bd. of Regents of Nev. Sys. of Higher Educ., 616 F.3d 963, 967 (9th Cir. 2010) ("The Eleventh

////

Amendment bars suits against the State or its agencies for all types of relief, absent unequivocal consent by the state.").

To be a valid waiver of sovereign immunity, a state's consent to suit must be "unequivocally expressed in the statutory text." Lane v. Pena, 518 U.S. 187, 192 (1996); see also Pennhurst, 465 U.S. at 99; Yakama Indian Nation, 176 F.3d at 1245. "[T]here can be no consent by implication or by use of ambiguous language." United States v. N.Y. Rayon Importing Co., 329 U.S. 654, 659 (1947). Courts must "indulge every reasonable presumption against waiver," Coll. Sav. Bank v. Florida Prepaid, 527 U.S. 666, 682 (1999), and waivers "must be construed strictly in favor of the sovereign and not enlarged beyond what the [statutory] language requires." United States v. Nordic Village, Inc., 503 U.S. 30, 34 (1992) (citations, ellipses, and internal quotation marks omitted). "To sustain a claim that the Government is liable for awards of monetary damages, the waiver of sovereign immunity must extend unambiguously to such monetary claims." Lane, 518 U.S. at 192.

With respect to the complaint's reference to a writ of mandamus, pursuant to 28 U.S.C. § 1361 "district courts shall have original jurisdiction of any action in the nature of mandamus to compel *an officer or employee of the United States* or any agency thereof to perform a duty owed to the plaintiff." (emphasis added). However, "[f]ederal district courts . . . lack authority to direct state courts, state judicial officers, or other state officials in the performance of their duties." RANDALL SHULER, Plaintiff, v. THE HONORABLE STUART J. SCOTT, et al., Defendants., Case No. 22-cv-7652 VKD, 2023 WL 8600707, at *9 (N.D. Cal. Dec. 12, 2023); see also Demos v. U.S. Dist. Court For Eastern Dist. of Washington, 925 F.2d 1160, 1161-62 (9th Cir. 1991) ("to the extent that Demos attempts to obtain a writ in this court to compel a state court to take or refrain from some action, the petitions are frivolous as a matter of law").

Moreover, under the Rooker-Feldman doctrine a federal district court is precluded from hearing "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). The Rooker-Feldman doctrine applies not only to final state court orders

8

and judgments, but to interlocutory orders and non-final judgments issued by a state court as well. Doe & Assoc. Law Offices v. Napolitano, 252 F.3d 1026, 1030 (9th Cir. 2001); Worldwide Church of God v. McNair, 805 F.2d 888, 893 n. 3 (9th Cir. 1986).

The Rooker-Feldman doctrine prohibits "a direct appeal from the final judgment of a state court," Noel v. Hall, 341 F.3d 1148, 1158 (9th Cir. 2003), and "may also apply where the parties do not directly contest the merits of a state court decision, as the doctrine prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." Reusser v. Wachovia Bank, N.A., 525 F.3d 855, 859 (9th Cir. 2008) (internal quotation marks omitted).  "A suit brought in federal district court is a 'de facto appeal' forbidden by Rooker-Feldman when 'a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision.'" Carmona v. Carmona, 603 F.3d 1041, 1050 (9th Cir. 2010) (quoting Noel, 341 F.3d at 1164); see also Doe v. Mann, 415 F.3d 1038, 1041 (9th Cir. 2005) ("[T]he Rooker-Feldman doctrine bars federal courts from exercising subject-matter jurisdiction over a proceeding in 'which a party losing in state court' seeks 'what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'") (quoting Johnson v. De Grandy, 512 U.S. 997, 1005-06 (1994), cert. denied 547 U .S. 1111 (2006)).  "Thus, even if a plaintiff seeks relief from a state court judgment, such a suit is a forbidden de facto appeal only if the plaintiff also alleges a legal error by the state court." Bell v. City of Boise, 709 F.3d 890, 897 (9th Cir. 2013).

> [A] federal district court dealing with a suit that is, in part, a forbidden de facto appeal from a judicial decision of a state court must refuse to hear the forbidden appeal.  As part of that refusal, it must also refuse to decide any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by the state court in its judicial decision.

Doe, 415 F.3d at 1043 (quoting Noel, 341 F.3d at 1158); see also Exxon, 544 U.S. at 286 n. 1 ("a district court [cannot] entertain constitutional claims attacking a state-court judgment, even if the state court had not passed directly on those claims, when the constitutional attack [is] 'inextricably intertwined' with the state court's judgment") (citing Feldman, 460 U.S. at 482 n.

16)); Bianchi v. Rylaarsdam, 334 F.3d 895, 898, 900 n. 4 (9th Cir. 2003) ("claims raised in the federal court action are 'inextricably intertwined' with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules") (citing Feldman, 460 U.S. at 483 n. 16, 485).

Accordingly, because plaintiff's complaint fails to state a claim upon which relief can be granted, defendants' motions to dismiss will be granted.

## II.     Leave to Amend

The undersigned has carefully considered whether plaintiff could amend the complaint to state a claim upon which relief could be granted. Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

Here, the undersigned cannot yet say that it appears beyond doubt that leave to amend would be futile. Plaintiff's complaint will therefore be dismissed, and plaintiff will be granted leave to file an amended complaint. Plaintiff is cautioned, however, that if plaintiff elects to file an amended complaint "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft, 556 U.S. at 678. "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." Id. at 679. Those facts must be sufficient to push the claims "across the line from conceivable to plausible[.]" Id. at 680 (quoting Twombly, 550 U.S. at 557).

Plaintiff is also reminded that the court cannot refer to a prior pleading in order to make an amended complaint complete. Local Rule 220 requires that any amended complaint be complete in itself without reference to prior pleadings. The amended complaint will supersede the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Thus, in an amended complaint, just as if it were the initial complaint filed in the case, each defendant must be listed in the caption

and identified in the body of the complaint, and each claim and the involvement of each defendant must be sufficiently alleged. Any amended complaint which plaintiff may elect to file must also include concise but complete factual allegations describing the conduct and events which underlie plaintiff's claims.[3]

### III.     Plaintiff's Motion for Summary Judgment

On August 10, 2023, plaintiff filed a motion for summary judgment. (ECF No. 23.) However, Rule 56 "mandates the entry of summary judgment" be done "after adequate time for discovery" and be granted "'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56).

Here, there has not been adequate time for discovery. And plaintiff's complaint will be dismissed with leave to amend. Plaintiff's motion will, therefore, be denied without prejudice to renewal.[4]

### CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' May 19, 2023 motion to dismiss (ECF No. 16) is granted;

2. Defendant's June 7, 2023 motion to dismiss (ECF No. 18) is granted;

3. The complaint filed January 6, 2023 (ECF No. 1) is dismissed with leave to amend;

////

---

[3] It appears that this is not the first-time plaintiff has attempted to pursue litigation related to these events. See Yoonessi v. New York State Bd. for Professional Medical Conduct, 162 Fed. Appx. 63, 65 (2nd Cir. 2006) ("plaintiff asserted . . . that defendants . . . deprived him of his medical license"); Yoonessi v. Albany Medical Center, 352 F.Supp.2d 1096, 1097 (C.D. Cal. 2005) ("Plaintiff alleges that Defendants committed fraud in revoking his license to practice medicine in California."); Yoonessi v. New York State Bd. for Professional Medical Conduct, No. 03-CV-871S, 2005 WL 645223, at *4 (W.D. N.Y. Mar. 21, 2005) ("Plaintiff claims that all Defendants, either as state actors or by their collaboration with state actors, deprived him of his medical licenses and his rights to practice medicine"). Plaintiff should also consult those decision to determine what, if any, claims plaintiff could legitimately raise in this action.

[4] Because plaintiff's motion for summary judgment will be denied defendant's motion for an extension of time to respond (ECF No. 25) will also be denied as having been rendered moot.

4. Within twenty-eight days from the date of this order, an amended complaint shall be filed that cures the defects noted in this order and complies with the Federal Rules of Civil Procedure and the Local Rules of Practice.[5]  The amended complaint must bear the case number assigned to this action and must be titled "Amended Complaint";

5. Plaintiff's August 10, 2023 motion for summary judgment (ECF No. 23) is denied without prejudice to renewal;

6. Defendant's September 21, 2023 motion for an extension of time (ECF No. 25) is denied as having been rendered moot; and

7. Plaintiff is cautioned that the failure to comply with this order in a timely manner may result in a recommendation that this action be dismissed.

Dated:  January 16, 2024

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.pro se\yoonessi0023.mtd.ord

---

[5] Alternatively, if plaintiff no longer wishes to pursue this action plaintiff may file a notice of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.

12