UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAHMOOD YOONESSI,<br><br>Plaintiff,<br><br>v.<br><br>LETITIA JAMES, et al.,<br><br>Defendants. | No. 2:23-cv-0023-TLN-SCR<br><br><u>ORDER AND FINDINGS AND RECOMMENDATIONS</u> |

Plaintiff Mahmood Yoonessi is proceeding pro se in this action, which was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Pending before the undersigned are Defendants' four motions to dismiss (ECF Nos. 37, 43, 45, and 56), Plaintiff's three discovery related motions (ECF Nos. 54, 61, and 62), Plaintiff's two motions for default judgment (ECF Nos. 37 and 47), and Plaintiff's three motions to vacate judgments entered by other courts (ECF Nos. 66, 67, and 68). For the reasons stated below, Plaintiff's discovery motions are denied, and the Court will recommend that: 1) Plaintiff's motions for default judgment be denied; 2) Plaintiff's motions to vacate judgment be denied; and 3) Defendants' motions to dismiss be granted and the action dismissed.

////

////

1

**Background and Procedural History**

Plaintiff, proceeding pro se, commenced this action on January 6, 2023, by filing a complaint and paying the applicable filing fee. ECF No. 1. The complaint and attachments were over 350 pages. ECF No. 1. Defendants filed motions to dismiss, and on January 17, 2024, Magistrate Judge Barnes granted the motions to dismiss, but allowed Plaintiff to file an amended complaint. The First Amended Complaint was filed on February 15, 2024. ECF No. 34.

The FAC appears to be an action under 42 U.S.C. § 1983 alleging violations of the First, Second, Fourth, Fifth, Sixth, and Fourteenth Amendments. ECF No. 34 at 4. The FAC is on a seven-page form complaint with scant factual allegations. Plaintiff alleges he was punished "for non use of Taxol and Carboplatin at the time they were not approved." *Id.* at 5. When asked to describe "where" the events giving rise to his claim occurred, Plaintiff writes: "President Steve Sample was a Very Powerful, Well connected nationally and Internationally Known …". *Id.* He claims Defendants "took over" his medical office in 2001, but that Defendants' actions continue to the present. *Id.* Plaintiff claims he lost his tenured professorship, medical license, and seeks two billion dollars in damages, plus punitive damages. *Id.* at 6.

Plaintiff has been engaged in litigation concerning his medical license for over twenty years and across multiple state and federal forums. As set forth by the California Court of Appeal in *Yoonessi v. Brown*, 2010 WL 2636495 (Cal. Ct. App. 2010), Yoonessi's license to practice medicine in the State of New York was revoked in 2002. In 2003, the Medical Board of California revoked his license and in 2008 denied a request to reinstate his license. *Id.* at 1. In 2010, the California Court of Appeal stated: "Since 2002, Yoonessi has instituted numerous court proceedings stemming from the revocation of his medical license." *Id.*

Plaintiff was at one point also licensed to practice in the state of Ohio and brought litigation in Ohio seeking to have his license restored. The Court of Appeals of Ohio summarized the history of Plaintiff's licensure and litigation this way:

> Yoonessi is originally from Iran and he completed his first obstetric/gynocological residency there in 1966. He was licensed to practice medicine in Ohio in 1972, but his Ohio license expired in 1974 after he moved to New York. His Ohio license lapsed in 1976, and he has not practiced in Ohio nor held a medical license in Ohio at any point

thereafter. Yoonessi worked as an associate obstetric/gynecological professor at the State University of New York—Buffalo, as well as in private practice for many years, but that relationship ended in 2002 amid a dispute about whether he was required to comply with a work rule regarding employment at certain area hospitals. Around that same time, Yoonessi began to be investigated by the New York Medical Board ("NYMB") for negligence and other issues relating to patient care from 1989 through 2000. After a 10-day hearing, the NYMB issued a 32-page order on June 5, 2002 revoking Yoonessi's New York license. That decision was allowed to remain in place by the New York Supreme Court in December 2003. The California Medical Board also revoked Yoonessi's license that same year. Yoonessi applied to have his New York license reinstated in 2005 with limited success; but ultimately, in 2013, the New York Board of Regents denied restoration of Yoonessi's New York license at a hearing for which he asserts he did not receive notice and did not have the ability to appear.

*Yoonessi v. State Medical Board of Ohio*, 2024 WL 196096, *1 (Ohio Ct. App. 2024).

Plaintiff has also litigated matters concerning his medical license before at least two federal appellate courts. *See for example Yoonessi v. Medical Bd. of California*, 195 F. App'x 628 (9th Cir. 2006); *Yoonessi v. New York State Bd.*, 162 F. App'x 63 (2nd Cir. 2006). The Second Circuit cautioned Yoonessi in 2006: "Finally, based on our consideration of the record in this proceeding and in other suits that Yoonessi has filed related to the same factual circumstances at issue here, we take this occasion to serve notice on Yoonessi that additional appellate litigation relating to these circumstances may subject him to a requirement that he obtain leave before filing appeals, to monetary sanctions, or to other sanctions." 162 F. App'x at 66 (internal citations omitted). Yoonessi was found to be a vexatious litigant by a California state court. *See Yoonessi v. Brown*, 2010 WL 2636495, *2 (Cal. Ct. App. 2010) ("Finally, we note that to the extent Yoonessi complains that he should not have been designated a vexatious litigant by the trial court on September 14, 2009, that order is not properly the subject of the instant appeal.").

Plaintiff in this lawsuit has sued the Attorney General of New York, attorneys in California and Ohio, the Medical Board of California, and a bank. The Court will now address the numerous pending motions.

## ANALYSIS

### I. Plaintiff's Motions for Default Judgment

Plaintiff filed a Motion for Default Judgment (ECF No. 32) on January 22, 2024. At that time, there was not even an operative complaint, as the complaint had been dismissed on January

17, 2024. The Defendants were not in default, as they had filed motions to dismiss the original complaint. Further there had been no clerk's entry of default. *See Bay Area Painters and Tapers Pension Trust Fund v. Ventura Finishing Systems*, No. 14-cv-03364-HSG (LB), 2016 WL 2343019, at *1 (N.D. Cal. Mar. 31, 2016) ("First, the clerk never entered default, which–under the plain language of Federal Rule of Civil Procedure 55—is a prerequisite for a default judgment under Rule 55(b)(2). Second, [Defendant] is defending itself in the action and the disputes can be resolved on the merits."). Accordingly, the Court recommends Plaintiff's first motion for default judgment (ECF No. 32) be denied.

Plaintiff filed the FAC on February 15, 2024, and again moved for entry of default judgment on March 18, 2024. ECF No. 47. Plaintiff's Motion does not establish the right to entry of a judgment by default. Again, Plaintiff has not obtained an entry of default by the Clerk pursuant to Federal Rule of Civil Procedure 55(a). The record does not reflect that Defendants are in default, and they have filed motions to dismiss the FAC. Even if some Defendants were untimely in filing a responsive pleading, the decision to grant or deny an application for default judgment lies within the district court's sound discretion. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In making this determination, the court will consider the following factors:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Default judgments are ordinarily disfavored. *Id*. at 1472.

The Court recommends that Plaintiff's Motions for Default Judgment (ECF Nos. 32 and 47) be DENIED.

II.     **Defendants' Motions to Dismiss**

   **A. JPMorgan Chase Motion to Dismiss (ECF No. 43)**

Defendants JP Morgan Chase ("Chase") and Lynnette Antosh have filed a motion to dismiss on a variety of grounds including lack of personal jurisdiction, lack of service, and failure

to state a claim. ECF No. 43 at 2. Defendants argue the FAC is "unintelligible on its face . . . appears to be focused upon the loss of Plaintiff's medical license," and makes no specific allegations about the conduct of Chase or Antosh. ECF No. 43-1 at 6[1].

The FAC fails to state a claim. The only references to Chase or Antosh in the FAC are that Antosh's address is at Chase Bank in Columbus, Ohio and the statement: "Been denied Mortgage Loans based on Fraudule [sic] claims of defendant L.Antosch [sic]". ECF No. 34 at 4, 7. To the extent Plaintiff attempts to assert a claim of fraud, such claims must be pled with particularity. Fed. R. Civ. P. 9(b). Plaintiff's one-sentence bare conclusory statement fails to state a claim.

Additionally, Plaintiff did not file a timely opposition to this motion, and Defendants filed a notice of non-opposition on March 22, 2004. ECF No. 48. Failure to submit an opposition may be deemed consent to the entry of an adverse order. *See* Local Rule 230(c) ("A failure to file a timely opposition may also be construed by the Court as a non-opposition to the motion."); *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal."). Plaintiff filed a belated opposition on April 1, 2024. ECF No. 50.

Plaintiff's opposition does not address the defects with his FAC. Instead, he argues that he will present evidence at trial, discusses the other Defendants and non-parties, and concludes by stating that he has submitted substantial evidence to the board about his medical knowledge. ECF No. 50 at 2-6. He contends that the "fabrications" of Defendants Chase and Antosh present questions of fact to be decided by the jury (ECF No. 50 at 6-7), but the FAC does not assert any specific facts as to the substance of the alleged fabrications. Federal pleading standards require "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint that offers "labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* (internal quotation and citation omitted). "Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual

---

[1] The page references herein, including this one, are to the page number designated by the Court's CM/ECF header.

5

enhancement.'" *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). The FAC here does not even include a formulaic recitation of the elements of a cause of action, and is devoid of factual allegations. The Court recommends the motion to dismiss (ECF No. 43) be GRANTED.

### B. Kyle Wilcox Motion to Dismiss (ECF No. 37)

Defendant Kyle Wilcox moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, arguing there are no allegations in the FAC concerning him, and that he is only mentioned on page 3. Wilcox additionally argues that the Court lacks personal jurisdiction over him because he is an Ohio citizen without sufficient minimum contacts with California. ECF No. 37 at 7-8. Wilcox additionally argues that as an Assistant Attorney General of Ohio he is entitled to prosecutorial immunity, and that the *Rooker Feldman* doctrine should preclude this court from reviewing the Ohio state court's action in revoking Plaintiff's medical license. *Id.* at 8-10.

Wilcox's motion to dismiss was filed on February 29, 2024, and was taken under submission on April 29, 2024. ECF No. 53. Plaintiff did not file a timely opposition to the motion. On May 22, 2024, an opposition brief is docketed as directed to all the pending motions to dismiss, but it is difficult to follow and does not clearly respond to Defendants' arguments. ECF No. 57. Plaintiff's failure to timely oppose the motion may be taken as non-opposition to the motion. *See* Local Rule 230(c) ("A failure to file a timely opposition may also be construed by the Court as a non-opposition to the motion.").

The Court finds that the FAC clearly fails to state a claim against Defendant Wilcox. Wilcox is mentioned in the caption and listed as a Defendant on page 3 of the FAC, but there are no factual allegations against him. The Court recommends that the Motion to Dismiss (ECF No. 37) be GRANTED and the claims against Defendant Wilcox be dismissed for failure to state a claim.

### C. Letitia James Motion to Dismiss (ECF No. 45)

Defendants Letitia James, State University of New York at Buffalo, and Merryl Tisch move to dismiss based on: 1) lack of personal jurisdiction; 2) the FAC violating Rule 8, and 3) the

1  FAC failing to state a claim. ECF No. 45 at 3-4. Defendants argue they do not have continuous
2  and systematic contacts with the forum state. *Id.* at 4. Further, Defendants argue that specific
3  personal jurisdiction in California is lacking because there are no allegations in the FAC that
4  Defendants purposefully availed themselves of the benefits of California law. *Id.* at 5-6.

5  Defendants also argue that dismissal is appropriate under Rule 8 because the FAC
6  contains no factual allegations against them, and for the same reasons the FAC fails to state a
7  claim. *Id.* at 7-8. Additionally, Attorney General James argues she is immune from suit for
8  litigation related activities. *Id.* at 8. She contends that the allegations against her stem from her
9  defending SUNY Buffalo in a 2022 state court action. *Id.* Defendant SUNY Buffalo argues it
10 has sovereign immunity.

11 Defendants contend that Plaintiff has the burden of pleading facts sufficient to establish a
12 basis for jurisdiction. ECF No. 45 at 4. When a defendant moves to dismiss a complaint for lack
13 of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is
14 appropriate. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004).
15 Where, as here, the motion is based on written materials rather than an evidentiary hearing, the
16 plaintiff need only make a prima facie showing of jurisdictional facts. *Id.* In such cases, the
17 Court inquires only into whether the plaintiff's "pleadings and affidavits make a prima facie
18 showing of personal jurisdiction." *Caruth v. International Psychoanalytical Ass'n*, 59 F.3d 126,
19 128 (9th Cir.1995). Plaintiff's FAC does not demonstrate a basis for personal jurisdiction over
20 these New York state defendants as it pleads no facts about them. Plaintiff also did not offer
21 affidavits in opposition to the motion that establish jurisdiction.

22 Plaintiff again failed to timely oppose this motion. The motion was filed on March 1,
23 2024, and taken under submission on April 29, 2024. ECF No. 53. Thereafter, Plaintiff filed an
24 opposition brief on May 22, 2024, which briefly mentioned these three Defendants and did not
25 specifically respond to the arguments raised. Plaintiff has failed to make a prima facie showing
26 of personal jurisdiction over these Defendants. Additionally, the FAC fails to plead sufficient
27 facts to state a claim against these Defendants. As explained above, the pleading standards
28 ////

require "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 555 U.S. at 678.

In summary, three independent grounds support dismissal: 1) lack of personal jurisdiction; 2) failure to state a claim; and 3) failure to timely respond. *See Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal."). The Court recommends that the Motion to Dismiss (ECF No. 45) be GRANTED and the claims against these Defendants be dismissed.

**D.  Medical Board of California Motion to Dismiss (ECF No. 56)**

Defendants Medical Board of California and William Prasifka move to dismiss on several grounds: 1) failure to effect service; 2) res judicata; 3) qualified or absolute immunity; and 4) failure to state a claim. ECF 56 at 1-2. Defendants argue they were never timely served and the claims against them should be dismissed pursuant to Federal Rule of Civil Procedure 4(m). Defendants argue the FAC should also be dismissed for failure to state a claim because there are no factual allegations against either Prasifka or Medical Board of California.

Failure to state a claim is the most straightforward basis for dismissal. Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that state the elements of each claim plainly and succinctly. Fed. R. Civ. P. 8(a)(2); *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'" *Ashcroft v. Iqbal*, 556 U.S.662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555, 557). A plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support the plaintiff's claims. *Jones*, 733 F.2d at 649.

There are no specific allegations in the FAC against Prasifka or the California Medical Board. ECF No. 34. Plaintiff complains of the loss of his California medical license, but there are not allegations as to what the Board did, or when, or how the Board's actions violated Plaintiff's rights. And, as set forth *supra*, Plaintiff has been litigating issues concerning the loss

8

of his medical license for approximately 20 years. *See for example Yoonessi v. Medical Bd. of California*, 195 F. App'x 628 (9th Cir. 2006) (affirming dismissal of Yoonessi's civil rights claims against the medical board and agreeing with the district court's conclusions "that it lacked personal jurisdiction over many of the defendants, and that Yoonessi failed to state a claim with respect to others."). It is exceedingly likely that Yoonessi's claims against the Medical Board are precluded by the judgments in prior actions, but the most straightforward basis for dismissal, given the dearth of factual allegations in the FAC, is failure to state a claim. The Court recommends that the Motion to Dismiss (ECF No. 56) be GRANTED and the claims against these Defendants be dismissed.

### III.     Plaintiff's Discovery Motions (ECF Nos. 54, 61, & 62)

On April 29, 2024, Plaintiff filed a motion to compel (ECF No. 54) and attempted to set it for hearing on May 2, 2024, in violation of the requirements of Local Rule 251. The motion, with attachments, is 81 pages long and does not seek clear relief. Judge Barnes issued an order that the motion was "defective as filed," and directed Plaintiff to notice the motion in accord with the Local Rules. ECF No. 55. The motion was never reset for hearing. The motion (ECF No. 54) is DENIED.

On June 12, 2024, Plaintiff filed a "Motion, Subpoenas to compel full disclosure" (ECF No. 61) and attempted to set it for hearing on June 21, 2024. This was again in violation of Local Rule 251(a) concerning notice of hearing for discovery motions. Plaintiff was again informed the motion was defective as filed and told to re-notice the motion in accordance with the Local Rules. ECF No. 63. Plaintiff did not re-notice the motion. The motion consists of a caption page followed by 108 pages of various attachments. There is no legal memorandum portion of the motion, or clear relief requested. It is a mishmash of legal documents from this and other litigation, including what purports to be a "Stipulation of Settlement" between Plaintiff and the State of New York in which SUNY-Buffalo School of Medicine agree to pay Plaintiff $75,000. ECF No. 61 at 18-20. That agreement was purportedly executed in 1996. *Id.* at 21. Plaintiff includes other documents that are marked as "attorney/client privilege work product" *Id.* at 59. Plaintiff includes documents concerning the revocation of his medical license by the State of New

York in 2002, and denial of reinstatement in 2013. *Id.* at 88.  Plaintiff also attaches documents pertaining to state court proceedings in Ohio. *Id.* at 93-102.  The motion makes no cogent argument concerning discovery in this case, and contains no clear request for relief.  The motion (ECF No. 61) is DENIED.

Also on June 12, 2023, Plaintiff filed another discovery motion (ECF No. 62).  Again, a minute order was issued that the motion was "defective as filed," and not properly noticed for hearing.  ECF No. 63.  The motion states that Defendants have "produced no evidence" and they "ignored subpoenas submitted in 2002/2003".  ECF No. 62 at 3.  The motion also contains allegations of cybercrime on May 4, 2024, against Chase Bank. *Id.* at 10.  This allegation is not part of the FAC, as the FAC was filed in February 2024.  The concluding paragraph of the motion does not seek relief pertaining to discovery, but instead asks for compensatory and punitive damages. *Id.* at 10-11.  Plaintiff's motion (ECF No. 62) once again does not seek clear relief and is DENIED.

IV.   **Plaintiff's Motions to Vacate (ECF Nos. 66, 67, & 68)**

On September 25, 2024, Plaintiff filed a "Motion to Vacate Ny July 24 Judgment" (ECF No. 66) which consists of 236 pages of exhibits.  The motion does not contain a legal memorandum or section in which Plaintiff advances legal arguments, it is rather just a filing of various exhibits from his many years of litigation.  There is no clear relief requested.  The final page of the 'motion' is one page of the syllabus from the Presidential immunity ruling by the Supreme Court in *Trump v. United States*.  ECF No. 66 at 236.  If Plaintiff's motion is intended to request this Court to vacate a New York state court judgment, he presents no authority for doing so. *See Lance v. Dennis*, 546 U.S. 459, 460 ("The *Rooker-Feldman* doctrine prevents lower federal courts from exercising jurisdiction over cases brought by state-court losers challenging state-court judgments rendered before the district court proceedings commenced.") (internal citation and quotation omitted).  The Court recommends the motion (ECF No. 66) be DENIED.

On October 28, 2024, Plaintiff filed a "Motion to Set Aside Fraudulent J of Riverside Aug 2024" (ECF No. 67).  It appears that Plaintiff seeks to set aside a $1.6 million judgment against My Montecito Inc.  ECF No. 67 at 4.  This motion is 197-pages long and again consists primarily

of exhibits. However, this motion also contains a Statement of Facts (ECF No. 67 at 178-194) and what may be intended as legal argument in support (ECF No. 67 at 2-16). However, it is not clear that the opening portion is legal argument for this case, as opposed to excerpts from other matters/litigation. The concluding paragraph states: "It is respectfully submitted that there is substantial evidence before the board to conclude that petitioner has remained updated and has improved/advanced his knowledge of medicine, in general, and gynecologic oncology, in particular." ECF No. 67 at 16. This argument appears directed at a medical board, not the Court. Similarly, the Statement of Facts complains of the decision of the medical boards of California, New York, and Ohio. *Id.* at 179. The Court recommends the motion (ECF No. 67) be DENIED.

Plaintiff's third motion to vacate is entitled "Motion to Vaate [sic] Fraudulent J of NY July 2024" (ECF No. 68). In support of this motion Plaintiff alleges facts concerning a real estate transaction that occurred in July 2014. ECF No. 68 at 7. Plaintiff does not attach a copy of the July 2024 Judgment that he seeks to vacate. The legal argument portion of his brief is convoluted and conclusory. He sets forth no authority for this Court vacating a New York state court judgment. See *Lance*, 546 U.S. at 460, *supra*; *see also Demos v. U.S. Dist. Court For Eastern Dist. of Washington*, 925 F.2d 1160, 1161-62 (9th Cir. 1991) ("to the extent that [plaintiff] attempts to obtain a writ in this court to compel a state court to take or refrain from some action, the petitions are frivolous as a matter of law"). It is also unclear how this real estate transaction is related to the claims concerning medical licensing. The Court recommends the motion (ECF No. 68) be DENIED.

**V.     Leave to Amend**

The undersigned has carefully considered whether Plaintiff could amend the complaint to state a claim upon which relief could be granted. Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." *California Architectural Bldg. Prod. v. Franciscan Ceramics*, 818 F.2d 1466, 1472 (9th Cir. 1988); *see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

////

Plaintiff was previously granted leave to amend and Judge Barnes' order advised Plaintiff of the deficiencies with his Complaint. ECF No. 31. Despite Judge Barnes' order granting leave to file an amended complaint that "cures the defects noted in this order and complies with the Federal Rules of Civil Procedure," Plaintiff has filed a FAC that is almost entirely devoid of any factual allegations. Plaintiff has amassed significant litigation experience over the last two decades, and is well aware of the pleading requirements. *See Yoonessi v. Khansari*, 2016 WL 4728114 (C.D. Cal. 2016) ("Plaintiff's First Amended Complaint, like his Complaint, is rambling and nonsensical. It does not comply with Federal Rule of Civil Procedure 8 which requires a 'short and plain' factual statement of what each defendant allegedly did wrong and the legal theories asserted against each."). The Court finds that allowing further leave to amend would be futile.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion to compel (ECF No. 54) is denied;

2. Plaintiff's motion to compel (ECF No. 61) is denied; and

3. Plaintiff's motion for discovery (ECF No. 62) is denied.

**IT IS FURTHER RECOMMENDED THAT**:

4. Defendants' Motions to Dismiss (ECF Nos. 37, 43, 45 and 56) be GRANTED and the action dismissed without further leave to amend.

5. Plaintiff's Motions for Default Judgment (ECF Nos. 32 and 47) be DENIED.

6. Plaintiff's Motions to Vacate (ECF Nos. 66, 67, and 68) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written objections with the court. Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Local Rule 304(d). Plaintiff is advised that failure to file

////

////

objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

SO ORDERED.

DATED: January 13, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE